CASE 10—INDICTMENT AGAINST JEFF. JENKINS FOR MAYHEM.—
MARCH 5.

## Commonwealth v. Jenkins.

APPEAL FROM BOYD CIRCUIT COURT.

JUDGMENT QUASHING BENCH WARRANT AND DISCHARGING DEFENDANT
FROM CUSTODY AND THE COMMONWEALTH APPEALS. REVERSED.

INDICTMENT—MISTAKE IN NAME OF DEFENDANT—CORRECTION.

Held: 1. Jeff. Jenkins having been indicted under the name of Albert Jenkins, the style of the prosecution may be changed to Jeff. Jenkins on the record, though a person by the name of Albert Jenkins lived in the county, and by mistake was first arrested; Criminal Code, section 125, providing, "that an error in

Commonwealth v. Jenkins.

the name of the defendant shall not invalidate an indictment or proceedings thereon, and if his true name is discovered at any time before execution, an entry shall be made on the minutes of the court, of his true name, referring to the fact of his having been indicted by the name mentioned therein."

C. J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR APPELLANT.

It is manifest from the proceedings in this case, that the grand jury undertook to accuse Jeff. Jenkins of the crime of mayhem, but in giving the name of the party accused, he was called *Albert* Jenkins inteasd of *Jeff*. Jenkins.

The indictment was returned May 2d, 1901, bench warrant was issued for Albert Jenkins, July 10, 1901, and on September 10 1901, he executed a bail bond.

On September 17, 1902, the circuit court made this order: "It appearing to the satisfaction of the court the true name of the defendant is Jeff. Jenkins, not Albert Jenkins, the name he was indicted in, and on motion of the attorney for the Commonwealth the style of this prosecution is changed from Albert Jenkins to Jeff. Jenkins. The return and bond on bench warrant as to Albert Jenkins is quashed, and a bench warrant issued for Jeff. Jenkins allowing him bail in the sum of $500.

We contend that the error in the name did not vitiate the indictment or the proceedings. It frequently occurs that the wrong man is arrested by reason of mistakes in the name of two or more persons. When the court made the order setting out the true name of the defendant to the prosecution, then the indictment was certain, (1), As to the party charged, (2), As to the offense charged, (3), As to the county where committed, and (4), As to particular circumstances of the offense. Com. v. Kilcher, 3 Met., 485; Com. v. Ford, 12 R., 507.

THOMAS R. BROWN, ATTORNEY FOR APPELLEE.

There can be no question that the person indicted was Albert Jenkins and not Jeff. Jenkins, and authority to correct a *mistake* as to the name of the person accused is not authority to change the *person* indicted.

The offense charged is mayhem, and to allow a change of prosecution from one person to another under the section, would be giving that section a meaning in conflict with section 12 of present Constitution—in other words, would allow a person to be arraigned and tried for an indictable offense on information that the guilty person was not the person indicted, but another.

The court below, abhorring the idea of so violating this ancient provision in our Bill of Rights, sustained the motion for his release.

To give the construction claimed by appellant for the correction of mistake of name to the extent that the name of another person can be inserted as a defendant in the prosecution, would also have the effect of destroying the certainty as to the person accused as well as be in conflict with the Constitution.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

It appears from the record in this case that one Jeff Jenkins, of Boyd county, was accused of the crime of mayhem, and at the May term, 1902, of the circuit court of that county, the grand jury, intending, doubtless, to indict the Jenkins accused of the crime in question, found and returned an indictment in which the name of the defendant and person accused was given as "Albert Jenkins." Thereupon a bench warrant was issued upon the indictment for the arrest of Albert Jenkins, with bail indorsed. There seems to have been an Albert Jenkins in the county, who was arrested under the bench warrant, and he gave bond for his appearance in court, and to answer the charge in the indictment; but at the next term of the court after his arrest, the Commonwealth's attorney having made the discovery that Jeff Jenkins, not Albert, was the person guilty of the crime, caused the following order to be entered by the court: "It appearing to the satisfaction of the court that the true name of the defendant is 'Jeff' Jenkins, not 'Albert,' the name he was indicted in, on motion of the attorney for the Commonwealth the style of this prosecution is changed from 'Albert Jenkins' to 'Jeff Jenkins.' The return and bond on bench warrant as to Albert Jenkins is quashed, and ordered that a bench warrant issue for Jeff Jenkins, allowing him bail in the sum of $500.00." Thereafter Jeff Jenkins was arrested on the bench warrant ordered to issue against him, and he gave bond for his appearance to answer the charge in the indictment. At the term of the court following Jeff's arrest the case against

him was continued upon his motion. At the next term of
the court, without pleading to the indictment, he entered
motion to quash the bench warrant under which he had been
arrested, the return thereon, and bond given for his appear-
ance, which motion was sustained by the court, and the
defendant discharged from custody, on the ground that
the order which substituted the name of "Jeff Jenkins"
for that of "Albert Jenkins" was improper, and in viola-
tion of law.

We are unable to admit the conclusion reached by the
circuit judge. It must be presumed that the grand jury
intended to indict the Jenkins guilty of the crime named
in the indictment; hence, if Jeff Jenkins is in fact the per-
son supposed to be guilty, it was merely a mistake to name
him Albert Jenkins in the indictment, and when the atten-
tion of the Commonwealth's attorney was called to the
mistake it was his duty to have it corrected, which he did
by substituting the Christian name "Jeff" on the record
for that of "Albert." The change was made by express
authority given by section 125, Cr. Code, which provides
that "an error in the name of a defendant shall not vitiate
an indictment or proceedings thereon, and if his true name
is discovered at any time before execution, an entry shall
be made on the minutes of the court of his true name, re-
ferring to the fact of his having been indicted by the name
mentioned in the indictment. . . ." The section of the
Code, supra, was construed by this court in Commonwealth
v. Kelcher (a woman), 3 Metc., 485, in the following lan-
guage: "If the erroneous statement of the whole name
of the defendant would not vitiate the indictment, certain-
ly the omission to set out the Christian name of the defend-
ant could not, and the objection to the indictment on that

account must be regarded as unavailing. . . . Now, if the appellee was not the person intended to be indicted, or if some one else having her surname was the person who had committed the offense charged, the omission of the Christian name in the indictment would not deprive her of the privilege of showing the facts, nor could she thereby be deprived of any substantial rights upon the merits." In Commonwealth v. Ford, 12 Ky. Law Rep., 507, the superior court held that "the failure of the indictment to state the surname, Christian name, or the name in full of the defendant will not vitiate the indictment, and it is not a ground for a demurrer." Robinson v. Commonwealth, 88 Ky., 386. It often occurs that the wrong man is arrested by reason of mistakes in the name, hence the section of the Code which allows the name to be changed provides a rule which the trial courts can safely follow. The indictment in this case was not vitiated in any way by the error in giving the Christian name of "Jeff," nor did the error in any way affect his substantial rights. If the Christian name of Jeff Jenkins had been given in the indictment as "John," it would not be contended that the substitution of "Jeff" for "John" on the record would have been improper, or that Jeff Jenkins' substantial rights would have been prejudiced thereby. Then, can the change on the record from "Albert" to "Jeff" be improper merely because there happens to be a person living in the county of the name of "Albert Jenkins"? Surely, such a proposition needs no argument to demonstrate its fallacy.

The judgment of the lower court is reversed, and cause remanded, with directions to set aside the judgment quashing the bench warrant and return, and discharging appellee from custody, and for such further proceedings as may be consistent with the opinion herein.