Vincenzo Surace, In Error, *vs.* Guiseppe Pio.

Cumberland.    Opinion December 19, 1914.

*Amendment.    Motion.    Pleading.    Revised Statutes, Chap. 114, Sec. 2.    Revised Statutes, Chap. 84, Sec. 11.    Writ of Error.*

1.  That at common law amendments changing the parties are not allowable. Misnomers may be corrected, but the parties cannot be changed.

2.  That under R. S., Chap. 84, Sec. 11, (originally Pub. Laws, 1874, Chap. 197), "In all civil actions the writ may be amended by inserting additional plaintiffs, or by striking out one or more plaintiffs where there are two or more and the Court may impose reasonable terms."

3.  That the statute does not permit the substitution of one sole plaintiff for another, and therefore this amendment should not have been allowed.

4.  That R. S., Chap. 84, Sec. 10, providing that "no process or proceeding in courts of justice shall be abated, arrested or reversed, for want of form only or for circumstantial errors or mistakes, which are by law amendable, when the person and case can be rightly understood" does not apply to the change of parties.

5.  That under that section misnomers may be corrected, but the distinction between cases of misnomers and of a substitution of parties like that at bar is that the former state the wrong name of the right party, while the latter state the right name of the wrong party.

On report. Writ of error. Sustained with costs. Judgment reversed.

This is a writ of error to reverse a judgment rendered on default, in which Isaac Abrams was plaintiff and Michele E. Pagano and Vincenzo Surace were defendants, returnable to the September term, 1913, of Superior Court for Cumberland County. At this term, the defendants were defaulted without appearance. At the October term of said Court, on motion of plaintiff's attorney, the default was striken off, and the name of Guiseppe Pio substituted for that of Isaac Abrams, and the action again defaulted and went to judgment November 28, 1913. Vincenzo Surace sued out this writ of error on November 28, 1913. The plea was the general issue.

At the hearing below, the case was reported to the Law Court by agreement of parties, upon writ of error, pleadings in the original writ in *Pio* v. *Surace*, petition to amend original writ and decree allowing said amendment.

The case is stated in the opinion.

*Charles G. Keene, and R. S. Oakes,* for plaintiff.

*M. P. & H. P. Frank,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.   BIRD, J., did not concur.

CORNISH, J.   Writ of error based on the following facts.   On July 18, 1913, a writ was sued out of the Superior Court for Cumberland County returnable at the September term, in which Isaac Abrams was named as plaintiff and Michele Pagano and Vincenzo Surace were defendants.   Upon this writ Surace was arrested on July 18, 1913, under R. S., Chap. 114, Sec. 2, and committed to jail.   No service was made upon Pagano.   At the return term no appearance was entered for the defendant and the action was defaulted.   At the October term the plaintiff's attorney filed a written motion asking that the default be striken off, and that the name of Guiseppe Pio be substituted for that of Isaac Abrams as plaintiff.   The motion stated that Pio was the real plaintiff in interest; that his name was intended to be inserted as plaintiff in the writ when drawn; that the insertion of the name of Abrams was a clerical error on the part of the stenographer, that it was a mere circumstantial error or mistake and should be amended as the person and the case could be rightly understood.   The presiding Judge granted the motion, and after amendment the action was again defaulted and went to judgment on November 3, 1913.   Surace sued out this writ of error on November 28, 1913, the cause alleged being that the amendment was unauthorized by R. S., Chap. 84, Sec. 11, and therefore not allowable.

At common law amendments striking out the names of plaintiffs or inserting the names of additional plaintiffs are not allowable.   In other words the parties cannot be changed.   A misnomer may be corrected (1 Ch. Pl., Sec. 266) but in such a case the party remains unchanged.   This has been well stated as follows:   "At common law the power to amend in case of a misnomer depends not upon the

question, whether the amendment changes the name but whether or not it changes the party. If it only cures a mistake in the name of the party by or against whom the suit is prosecuted it may be made. But if it introduces a different party it is inadmissible." Ency. Pl. and Pr., Vol. 1, page 535. Instances of the application of this common law rule in this State as to defendants are to be found in *Redington* v. *Farrar*, 5 Maine, 379; and *Winslow* v. *Merrill*, 11 Maine, 127; and as to plaintiffs in *White* v. *Curtis*, 35 Maine, 534; *Ayer* v. *Gleason*, 60 Maine, 207; and *North River Lodge* v. *Inhabitants of Brooks*, 61 Maine, 585.

To obviate this strictness of the common law as to parties defendant the Legislature of Maine by Pub. Laws, 1835, Chap. 178, Secs. 4 and 5 (now R. S., Chap. 84, Sec. 13) provided that amendments might be made by striking out one or more defendants or by inserting additional defendants. This act, being in derogation of the common law, has been strictly construed, and it has been held that a new defendant cannot be substituted for the only one originally named in the writ. *Duly* v. *Hogan Co.*, 60 Maine, 351; *Glover Co.* v. *Rollins*, 87 Maine, 434.

With the like purpose of obviating the rigorous rule of the common law as to parties plaintiff, the legislature of 1874 (Pub. Laws, 1874, Chap. 197, now R. S., Chap. 84, Sec. 11) provided that "In all civil actions the writ may be amended by inserting additional plaintiffs or by striking out one or more plaintiffs when there are two or more and the Court may impose reasonable terms." This act has been construed with equal strictness, and its scope has not been extended beyond the plain and natural meaning of its terms. It has accordingly been held that a writ which contained the name of no plaintiff could not be amended by inserting a name, because the Act of 1874 presupposed a writ with one or more plaintiffs and permitted the number to be increased or diminished but did not sanction an amendment by inserting a plaintiff where none existed before, *Jones* v. *Sunderland*, 73 Maine, 157; that an action brought by the plaintiff in her individual capacity and for her own benefit could not be amended by making her plaintiff as executrix, *Fleming* v. *Courtenay*, 98 Maine, 401; and that a writ brought in the name of Herbert A. Clark, Treasurer of the City of Rockland . . . "for said City of Rockland and duly authorized and empowered thereto by a vote of the City Council of Rockland" was not amendable

either by adding the City of Rockland as a plaintiff and thereby creating a misjoinder, nor by striking out the sole plaintiff and substituting in his place "The City of Rockland." *Clark* v. *Anderson,* 103 Maine, 134.

The amendment in the case at bar came directly within these decisions. No additional plaintiff was inserted and the writ did not contain two or more original plaintiffs from which one could be stricken out. It asked for the substitution of one plaintiff for another and obviously such an amendment cannot be allowed.

But the plaintiff invokes the provisions of another section of the Revised Statutes, and contends that they are applicable here, viz: R. S., Chap. 84, Sec. 10, which reads: "No process or proceeding in courts of justice shall be abated, arrested or reversed, for want of form only or for circumstantial errors or mistakes, which are by law amendable, when the person and case can be rightly understood. Such errors and defects may be amended on motion of either party on such terms as the Court orders."

This statute however was not intended to, and does not, cover a case involving the change of parties. This is shown by the fact that it was enacted in our first body of laws, R. S., 1821, Chap. 59, Sec. 16, having been copied from an earlier Massachusetts Statute to the same effect, and yet, with this statute in force, our Court held, as we have already seen, that no amendment could be allowed changing parties defendant, until the Statute of 1835 was passed especially providing therefor, and none changing parties plaintiff until the enactment of the Statutes of 1874. These enactments were wholly unnecessary if the then existing general provision as to amendments was ample to cover the same ground.

The kind of circumstantial errors and mistakes affecting the names of parties within the provision of Sec. 10 may be determined from the following illustrations: The christian name of the defendant was changed from Augustus to Augustine, in *Fogg* v. *Greene,* 16 Maine, 282; a writ sued out in the name of "Charity Griffin, to wit Charity Pinkham" was amended by striking out the words "to wit Charity Pinkham" in *Griffin* v. *Pinkham,* 60 Maine, 123; striking out the middle letter thereby changing John A. Wentworth to John Wentworth, in *Wentworth* v. *Sawyer,* 76 Maine, 434, and striking out the word Company from the defendant's name in *Berry* v. *Atlantic Railway,* 109 Maine, 330. All these however are cases of misnomer,

while the case at bar is not; and the distinction between the two is that the writs in those cases stated the wrong name of the right party while the writ in the case under consideration states the right name of the wrong party. This distinction is vital.

It is doubtless true, as the defendant in error contends, that the mistake crept in because of clerical carelessness, and that a careful inspection of the declaration would have shown that the creditor, the real plaintiff in interest, was Pio and not Abrams. But Abrams was the plaintiff named and a summons to defendant, following the writ, would have required him to answer to Abrams and not to Pio. In the absence of statutory sanction we are not authorized to permit an amendment under such circumstances. The Massachusetts cases cited by the learned counsel for the defendant in error can hardly be regarded as authorities in this State, because the Massachusetts Statutes permitting amendments are broader than our own,—Rev. L. of Mass., Chap. 173, Secs. 48-51,—and under them the Court has allowed even a substitution of parties. *Winch* v. *Hosmer*, 122 Mass., 438; *Costello* v. *Crowell*, 134 Mass., 280; *Wright* v. *Vt. Life Ins. Co.*, 164 Mass., 302; "but this is contrary to the past and present construction of our statutes upon the subject by this Court." *Fleming* v. *Courtenay*, 98 Maine, 401-414.

> *Writ or error sustained with costs.*
> *Judgment reversed.*