## O'Brien v. Commonwealth.

(Decided Oct. 4, 1935.)

M. J. HENNESSEY for appellant.

BAILEY P. WOOTTON, Attorney General, RAY L. MURPHY, Assistant Attorney General, and M. HARGETT, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

O. C. O'Brien has prayed an appeal from a judgment convicting him of maintaining a common nuisance, and fixing his punishment at a fine of $200.

The only ground urged for reversal is that the court erred in substituting O. C. O'Brien for Kelly O'Brien, against whom the indictment was returned.

The facts are: The persons charged in the indictment with the offense of maintaining a common nuisance were Wicks Hawkins, Kelly O'Brien, and John H. Staker. After the indictment had been returned the following order was entered by the court:

"It appearing to the satisfaction of the court that one of the defendant's names is O. C. O'Brien, it is ordered that the further proceedings in this case as to him shall be in the defendant's true name of O. C. O'Brien, indicted by the name of Kelly O'Brien."

After O. C. O'Brien had been arrested, he moved the court to set aside the order substituting him as defendant in the place of Kelly O'Brien named in the indictment on the ground stated in his affidavit filed with the motion and reading as follows:

"The affiant, O. C. O'Brien, says that the Kelly O'Brien named in the indictment herein and jointly indicted with Staker and Hawkins, herein, was during all of the time named in the indictment herein and up until February 20, 1935, the owner of a one half interest in the business described in the indictment jointly with his codefendant Wicks Hawkins and during all of said time the affiant was only an employee of the said Kelly O'Brien and Wicks Hawkins were partners in the operation of said business and as partners continued said business up until the 6th day of February, 1935, when same was purchased by this affiant.

"That Wicks Hawkins as such partner during said time was in active and full control of the operation of said business, and of said premises, and that the said Kelly O'Brien is the defendant named in said indictment."

The motion was overruled, and, as before stated, O. C. O'Brien was convicted.

The commonwealth insists that the action of the court in directing the prosecution to be carried on against O. C. O'Brien was authorized by section 125, Criminal Code of Practice, reading as follows:

"An error as to the name of the defendant shall not vitiate the indictment, nor proceedings thereon, and if his true name be discovered at any time before execution, an entry shall be made on the record of the court of his true name, referring to the fact of his being indicted by the name mentioned in the indictment, and the subsequent proceedings shall be in the true name, substantially as follows: The Commonwealth of Kentucky against A. B., indicted by the name of C. D."

This section has been construed in a number of cases, but the case nearest in point and on which the commonwealth relies is Commonwealth v. Jenkins, 115 Ky. 62, 72 S. W. 363, 24 Ky. Law Rep. 1881, holding that in a prosecution for mayhem on indictment against Albert Jenkins it was not error to substitute the name of Jeff Jenkins, who was the person intended to be indicted, although there happened to be a person living in the county by the name of Albert Jenkins. In that case there was no contention that Albert Jenkins, the party named in the indictment, committed the crime, and the opinion proceeded on the theory that it must be presumed that the grand jury intended to indict the guilty Jenkins, whose real name was Jeff Jenkins. In the case under consideration the uncontradicted affidavit discloses that up until the month of February, 1935, Kelly O'Brien named in the indictment was a part owner of the business described in the indictment, and was therefore subject to indictment at the time the indictment was returned, and also that since early in February, 1935, O. C. O'Brien was the owner of the business, and likewise subject to indictment. In short, the situation is one where during the twelve months before the indictment was returned there were two different O'Briens in charge of the business, either or both of whom could have been indicted, and where that is the case no one but the grand jury can say which one of the O'Briens it intended to indict, and its intention is shown by the indictment itself. Broad as is the Code provision, it does not authorize the substitution of one defendant for another where either or both were subject to indictment. To do so would put it in the power of the court to change the indictment so as to make it apply to a person never intended to be indicted. We therefore conclude that on the showing made the court

should have set aside the order directing that further proceedings should be in the name of O. C. O'Brien instead of Kelly O'Brien, named in the indictment.

Wherefore the appeal is granted, and the judgment reversed, and cause remanded for proceedings consistent with this opinion.