# Grigsby v. Commonwealth.

Nov. 28, 1944.

Ward & Ward for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant was indicted for wilfully and maliciously shooting into an occupied dwelling house. He was tried, convicted and sentenced to three years in the State Reformatory. He prosecutes this appeal relying upon the

following for reversal: (1) The Court erred to the prejudice of the defendant in permitting incompetent evidence to go to the jury over his objections; (2) the Court erred to the prejudice of the defendant in overruling his motion for peremptory instructions at the close of the evidence for the Commonwealth; (3) the Court erred to the prejudice of the defendant in overruling his motion to discharge the jury and continue the case made at the close of the evidence for the Commonwealth; and the Court erred to the prejudice of the defendant in permitting the Commonwealth to amend the indictment by marking out the name "Hershel Grigsby" and writing upon the indictment instead thereof the name "Herbert Grigsby;" (4) the Court erred to the prejudice of the defendant in the instructions given to the jury, in that the jury was not given the whole law of the case; (5) the Court erred in overruling the motion of defendant to discharge the jury, made while the Commonwealth's Attorney was cross-examining the witness, Joe Feltner; and (6) the Court erred in overruling the motion of defendant to discharge the jury, made after the jury had been instructed and before the jury had returned a verdict.

Both the appellant and the prosecuting witness, Kelly Stidham, were employees of the Buchannan Coal Company and resided within about 300 feet of each other at the Indian Head Camp in Perry County, Kentucky, and just across the railroad track from the camp commissary. On the day of the alleged shooting into the Stidham home, both the prosecuting witness and the defendant had been away from home. They apparently got together on their return home, at which time some difficulty seems to have arisen between them, and both the prosecuting witness and his wife testified of some very vicious, abusive and threatening language directed at them by the defendant. The appellant stated that Stidham drew a pistol on him, which, however, was denied by both Stidham and his wife. Upon arrival home each went into his respective home. The appellant remained in his home a very short time, after which he came out carrying a short gun and went to a position on the railroad track just in front of the commissary and across from the home of the prosecuting witness, Kelly Stidham. He sat down on the railroad track holding his gun across his lap, where he remained some twenty to thirty minutes. The Stidhams claim they were sitting in their

home observing the acts and conduct of the appellant. They claim that the appellant pointed the gun toward their house and fired a shot, the discharge taking effect in a window in the front part of their home. The defendant claimed that the gun was accidentally discharged while he was in a sitting position with his gun across his lap.

Appellant claims under the first ground that the court erred to the prejudice of the defendant in permitting the Deputy Sheriff, Marion Banks, to testify as to the acts and conduct of the defendant when he was arrested. The rule permitting evidence of this sort is by no means novel. It has been recognized by this court on numerous occasions. In the case of Fallis v. Commonwealth, 197 Ky. 313, 247 S. W. 22, 24, this question was discussed quite exhaustively, in which case the court stated as follows:

"There is another rule of evidence which, wholly independent of that question, makes such evidence competent in this case, and that is where one, after the commission of a crime, flees from the place, and either evades or actively resists arrest, all facts and circumstances showing the evasion or resistance of arrest, even though they disclose the commission of another crime, are competent against him upon a trial for the first offense. The sound reason for this is that the fact of evading arrest, and, a fortiori, the fact of actively resisting arrest, not only are competent to show the consciousness of guilt by the defendant himself, but his acts and conduct while so evading or resisting arrest are competent as showing his state of mind and the motive actuating him at the time of the commission of the first offense."

Following this rule, the testimony of Marion Banks was clearly not incompetent nor was it calculated to prejudice the jury against the appellant.

In his brief appellant combines the second and third grounds above. At the close of the evidence for the Commonwealth, defendant moved the court for a peremptory instruction of not guilty. Appellant's contention that the Trial Judge erred in overruling his motion for peremptory instruction at the close of the evidence for the Commonwealth is not well founded. There is ample evidence to take the case to the jury and we cannot conceive of the defendant being serious in this contention.

As his third ground he contends the Court was in error in permitting the trial to continue after it had been pointed out that the indictment contained the name of "Herbert Grigsby" in the accusatory part and "Hershel Grigsby" in the descriptive part. He contends that the Court erred in overruling his motion to discharge the jury and in permitting the Commonwealth to amend the indictment by substituting the name of "Herbert Grigsby" for the name of "Hershel Grigsby." Section 125 of the Criminal Code of Practice provides for the correction of an error in the name of the defendant. It cannot be seriously contended that the defendant was misled by the fact the name "Herbert" was substituted for the name "Hershel" in the descriptive part of the indictment. When motion was made by the Commonwealth Attorney to substitute the name of "Herbert Grigsby" for the name "Hershel Grigsby," the Court in sustaining said motion observed as follows:

"In the caption it shows Herbert Grigsby, and on the back of the indictment it shows Herbert Grigsby, and it shows Kelly Stidham as the prosecuting witness, and in view of all of these things, and from the evidence, the Court will permit the Commonwealth to amend the name of Hershel Grigsby to that of Herbert Grigsby."

Undoubtedly, the attorney of the defendant had examined the indictment before announcing ready for trial. The defendant, Herbert Grigsby, was the man charged with shooting into the home of the prosecuting witness. He was a close neighbor to the prosecuting witness. He was the man arrested for the crime, and it seems that any claim of prejudice to him because of the amendment of an error in name is far-fetched. In the case of Lassiter v. Commonwealth, 249 Ky. 352, 60 S. W. 2d 937, 938, in which case in both the accusatory and descriptive parts of the indictment the accused was referred to by his Christian name, "Elbert," and his surname, Lassiter, nowhere appeared in the body of the indictment. The court said in discussing that indictment:

"* * * It informed the appellant of the nature of the crime, and that he was the one accused of its commission. He could not have been misled by the failure to restate his surname in the accusatory and descriptive parts of the indictment."

We do not believe there are any merits in the claim of the appellant on this ground.

As his fourth ground, the defendant claims error in that the Court did not give the whole law of the case. He claims that he was entitled to an instruction under Section 1308, Kentucky Statutes, which makes it a misdemeanor for the flourishing or use in a boisterous manner of a deadly weapon, and cites in support thereof the case of Crabtree v. Commonwealth, 227 Ky. 65, 11 S. W. 2d 1000. In the case cited, the defendant claims that he did not shoot at his wife but shot at a lighted lamp which she held in her hand, and accidentally shot his wife. This case is not applicable to the instant case. In the instant case the appellant testified that he did not mean for the gun to fire, and that it fired accidentally, and at no place does he claim that he was shooting at something else other than the house. The prosecuting witness and his wife testified that he was looking at the house and fired at the house in which they were living. Instruction No. 2 amply cared for the appellant in all that he claimed. This instruction reads as follows:

"If you shall not believe as set out in Instruction No. 1, but shall believe that said shooting, if any, was unintentional, and accidental, then you should find him not guilty."

There is no merit in appellant's contention under item four.

For his fifth ground he contends that the Court erred in overruling the motion of defendant to discharge the jury because of the conduct of the Commonwealth's Attorney in his cross-examination of the witness, Joe Feltner. This presents the most serious ground of the above contentions. Apparently, the Commonwealth Attorney did exceed the bounds of propriety in his zeal to make that witness admit he was testifying falsely. He persisted and was insistent that defendant tell the jury just the honest truth for once and that the witness knew nothing about the case, and to be honest for once. Upon repeated objections by the defendant, and directions of the court to put the question in a different form, the Commonwealth Attorney yet persisted in his effort to get the witness to admit he knew nothing about the affair, even though the prosecuting witness and his wife had both testified that they had seen Joe Feltner with two or three other men at the place where the defendant was seated on the railroad track. However, this indiscreet and objectionable procedure by the Commonwealth Attorney must

be weighed in the light of the materiality and value of the evidence as given by the witness, Joe Feltner. There is nothing of probative value, either to the defendant or Commonwealth, in the evidence of Joe Feltner. He testified something about Stidham having a pistol before he had gone into his home and before the defendant had come out of his home with a shot gun, but, even if that be true, it would be evidence indicative of motive on the part of the defendant in sitting through a half or more of an hour directly in front of the Stidham home. He had his head turned when the gun went off and did not see the shooting, and stated that after the gun went off he looked around and then went home. If there had been any really material evidence from the witness, Joe Feltner—evidence that could have been decisive on any point, coupled with the persistent indiscretion on the part of the Commonwealth Attorney in propounding the objectionable questions, this court would be inclined to reverse this case, but, in view of the testimony as given by Joe Feltner, we are of the opinion that same was not calculated to, and could not have prejudiced the minds of the jurors.

Ground No. 6 goes to the incompetency of the jury, based on the fact that they requested the Court sometime after their retirement to consider the case, for information as to whether the jury could fix the penalty in the event it found the defendant guilty. The appellant contends that since they had already received the written instructions, which instructions plainly told the jury that in the event they found the defendant guilty, they should fix his punishment in the State Reformatory for a period of not less than two nor more than twenty years, that the jury was not capable of understanding the instructions, and, therefore, not capable of passing upon the liberties of a citizen of this Commonwealth. Section 249 of the Criminal Code of Practice reads as follows:

"After the jury retires for deliberation, if there be a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties."

The Trial Judge, Commonwealth Attorney, counsel for appellant, and the appellant himself, were present when the court told the jury, in response to their request

for information, that if they found the appellant guilty they would have to fix his punishment. A request for information from the court by a jury after it had retired for deliberation is by no means new. The procedure to obtain this requested information or instruction is amply provided for in the Section of the Criminal Code above, which apparently was carried out in compliance therewith. We can see no prejudicial error in this sixth ground.

On the whole, we find no error prejudicial to appellant's rights. The judgment is affirmed.