## Amburgy v. Commonwealth.

June 15, 1945.

R. L. Pope for appellant.

Eldon S. Dummit, Attorney General and H. K. Spear, Assistant Attorney General for appellee.

Opinion of the Court by Chief Justice Tilford—Reversing.

Appellant killed Henry Williams by shooting him with a pistol; and this appeal is from a judgment convicting him of voluntary manslaughter and imposing a penalty of fifteen years confinement in the peniteniary. The homicide occurred on the front porch of the Williams' home at Black Mountain during the early morning hours of Sunday, January 28, 1945, following an invita-

tion to appellant, extended by Williams or one of his guests, to "come over here." Appellant, who played the guitar, Scott Moore, a fiddler, their wives, and Ed Doss had just arrived at Moore's house across the street from Williams' home "to play music" when the invitation was extended. According to appellant:

"I went over there and got on the edge of the porch and Henry came out and asked me if I wanted a drink of liquor; I said, 'No, I don't.' He said, 'I want to borrow the gun.' I raised it up, I said, 'O. K. honey.' He struck the gun and knocked me off of the porch against the fence, and the gun went off."

Several witnesses corroborated appellant's account of the killing; but, according to Mrs. Williams and other witnesses for the Commonwealth, Williams resented appellant's conduct and the shot was fired following a scuffle which ensued after Williams had informed appellant that he had rather he did not come in. No antecedent motive for the killing was proven, since the parties had been good friends; but, on the other hand, both had been drinking; Williams was unarmed, and appellant was openly carrying a pistol. Appellant's defense was that the killing was accidental and occasioned by his falling backward off the porch and against the fence. At the same time he admitted that his pistol was of the type which could not be fired unless the trigger was pulled. Under these circumstances it is idle to argue, as appellant's counsel does, that the penalty was so excessive as to evince "passion, prejudice and bias" on the part of the jury.

In the descriptive part of the indictment as returned, the name, "Henry Amburgy," was erroneously inserted in lieu of the name, "Henry Williams," so as to charge the appellant with shooting and killing Henry Amburgy. During the impanelling of the jury, the Court discovered this error and called it to the attention of the Commonwealth's Attorney; and on motion of that official, permitted him to insert the name, "Henry Williams," in lieu of Henry Amburgy at the place indicated. Appellant argues that this was error entitling him to a reversal, but we are unable to agree. See Criminal Code of Practice, Section 125, and Grigsby v. Commonwealth, 299 Ky. 32, 184 S. W. 2d 77.

"About a minute, or something like that," after the shooting, appellant handed the pistol to Moore, and through his counsel avowed that if the Court had permitted him to do so, he would have testified that when he delivered the pistol to Moore, he told him that "Henry Williams had struck the pistol and knocked him backward and the pistol fired accidentally." He also offered to prove this by Moore, and the Court having sustained an objection, avowed that Moore would have testified that "within a minute after the shot was heard he (appellant) said, ' He done it himself it was an accident.' " Appellant insists that the refusal of the Court to permit this testimony as part of the res gestae constituted reversible error, relying principally upon our opinion in the case of Clem v. Commonwealth, 198 Ky. 486, 248 S. W. 1036, in which we held that it was reversible error not to permit the accused deputy sheriff, who had shot and killed an escaping prisoner, and claimed that the shooting was accidental, to prove as part of the res gestae that he had stated that he "would not have done it for anything" in the world." The general rule is that where the declaration is self serving, its admissibility as part of the res gestae depends upon its spontaneity. 32 C. J. S., Evidence, Section 417, pages 47 and 48. But the Clem case was followed and quoted with approval in the case of Wood v. Commonwealth, 246 Ky. 829, 56 S. W. 2d 566, and it is impossible to satisfactorily distinguish these cases from the case at bar. We are therefore constrained to hold that the Court committed reversible error in refusing to admit the statement made by appellant when he handed the pistol to Moore indicating that the shot was accidental.

Since there will be another trial of the case, it is proper that we dispose of appellant's criticism of the instructions. They are faulty to the extent that they do not follow as closely as might be desired the instructions heretofore approved by us relating to accidental killing. See Stanley on Instructions, practicularly Forms 883, 904, 905, and Notes to Form 903. However, it was not necessary that the Court define "Sudden Affray" or "Accidental Shooting", although it would not have been improper for it to have done so. Under the facts in this case it was not error for the Court to instruct on "Self Defense," notwithstanding the fact that the appellant

claimed that the shooting was accidental. Hamilton v. Commonwealth, 300 Ky. 246, 188 S. W. 2d 435.

Judgment reversed.