### Commonwealth v. Brown Forman Distillers Corporation.

May 28, 1948.

598

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellant.

Ogden, Tarrant, Galphin & Street and Marshall Dawson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

The appellee, Brown Forman Distillers Corporation, was indicted by the grand jury of the Woodford Circuit Court for the offense of depositing substances in public waters injurious to aquatic life, as denounced in KRS 150.460. The punishment for this offense is fixed in KRS 150.990(4) (a), at a fine of not less than $100 nor more than $1000, or imprisonment for not more than six months, or both such fine and imprisonment.

Appellee was indicted as a Kentucky corporation when in fact it was incorporated under the laws of Delaware. Upon the indictment being called for trial the Commonwealth moved to proceed against the Company in its true name, "Brown Forman Distillers Corporation, a corporation organized and existing under the laws of the State of Delaware, and doing business in Woodford County, Kentucky," as provided in the Criminal Code of Practice, sec. 125. The Company objected to this motion and filed motion to quash, a special demurrer and a general demurrer.

The court overruled the Commonwealth's motion to correct the mistake in the indictment relative to the Company's name and insert therein its true name, but sustained the Company's general demurrer to the indictment and dismissed same. The Commonwealth prayed an appeal to this court which was granted by the circuit court, and this appeal is prosecuted by the Commonwealth under sec. 337 of the Criminal Code of Practice to obtain a certification of the law, as there are other similar indictments pending in the Woodford Circuit Court. Commonwealth v. Williams, 230 Ky. 71, 18 S. W. 2d 881.

The rule appears to be that where the indictment makes a mistake as to the name of the accused but leaves no doubt in the mind as to whom the grand jury intended to charge with the crime, and the accused has not been misled by the mistake, then the indictment may be corrected under sec. 125 of the Criminal Code of Practice by the insertion of the correct name of the accused.

But where it is not certain and clear as to whom the grand jury intended to indict and a change in the name or initials of the person mentioned in the indictment might result in the indictment charging a person other than the one the grand jury intended to charge with the crime, or might mislead the accused or not so identify him as to make available to him a plea of former conviction or acquittal, should he thereafter have occasion to make use of it, then no change may be made under sec. 125 in the name or initials of the person accused in the indictment. Lassiter v. Commonwealth, 249 Ky. 352, 60 S. W. 2d 937; O'Brien v. Commonwealth, 260 Ky. 572, 86 S. W. 2d 309; Amburgy v. Commonwealth, 300 Ky. 261, 188 S. W. 2d 437.

In the instant case it is clear that the grand jury intended to indict the Brown Forman Distillers Corporation, a corporation organized and existing under the laws of Delaware and doing business in Woodford County, Kentucky. When the indictment described the Company as a Kentucky corporation a mistake was made in its name just the same as if the indictment had been returned against an individual, "John Doe," when the true name of the person the grand jury intended to indict was "John W. Doe." Where a mistake is made in the name of a corporation, it may be corrected under sec. 125 of the Criminal Code of Practice the same as if a mistake had been made in the name of an individual. International Harvester Co. v. Commonwealth, 124 Ky. 543, 99 S. W. 637, 30 Ky. Law Rep. 716.

Appellee argues that a corporation's sole identity is its name and if it be indicted under the wrong name, there is no misnomer which can be corrected under sec. 125 but that a separate and distinct entity has been charged with the crime, citing such foreign cases as Surace v. Pio, 112 Me. 496, 92 A. 621; Fitzpatrick v. Pitcairn, 371 Ill. 203, 20 N. E. 2d 280; Culpepper v. State, 173 Ga. 799, 161 S. E. 623, 79 A. L. R. 217. As we read these cases they appear to hold that while a misnomer may be corrected in an indictment or a complaint, it is not permissible to change the identity of the party charged and to substitute for him a distinct and separate entity. With this we agree. However, our General Assembly has provided that the word "person" includes a corporation. KRS 446.010(21) and Civil Code of

Practice sec. 732(5). In view of such enactments by the General Assembly, the name of a corporation may be corrected in an indictment under sec. 125 of the Criminal Code of Practice the same as such correction under that section may be made in the name of an individual.

We doubt if this court would have ruled as did the Georgia Supreme Court in the Culpepper case, 173 Ga. 799, 161 S. E. 623, 79 A. L. R. 217, that an indictment is fatally defective where in one part thereof Ed. C. Culpepper's name was written "Ed. C. McGruder," the latter being the prosecuting witness. In Amburgey v. Commonwealth 300 Ky. 261, 188 S. W. 2d 437, the indictment in one place inadvertently referred .to "Henry Amburgy" (the accused) as "Henry Williams" (the person Amburgy killed), and we there held that under sec. 125 of the Criminal Code of Practice the court correctly allowed a correction to be made in the indictment by inserting "Henry Williams" in lieu of "Henry Amburgy" during the impanelling of the jury.

The Commonwealth asks us to pass on the sufficiency of the indictment, while the appellee insists that question is not before us and we are confronted with the task only of determining whether the correction in the name of the accused may be made in the indictment under sec. 125. Evidently, appellee loses sight of the fact that the trial court sustained a general demurrer to the indictment and dismissed it. When the Commonwealth appealed from that order it brought here for review the act of the trial court which held the indictment was bad. It is true the learned trial judge seems to have based his ruling that the indictment was bad because the true name of the Company did not appear therein. However, we are not limited to the reason given by the trial court in sustaining the demurrer to the indictment. The indictment as a whole is presented to us and our task is to determine not only whether the indictment may be corrected under sec. 125 of the Criminal Code of Practice, but whether the trial court erred in sustaining a general demurrer thereto.

It must be admitted that the indictment is not skillfully drawn, but it plainly charges the Company with intentionally running a substance, commonly known as "distillery slop" which is injurious to aquatic life,

into the public waters of Glenn's Creek in Woodford County, Kentucky, on the 24th day of Oct. 1947. While the indictment refers to another date, Nov. 3, 1947, it is evident that it does not charge the Company with thus polluting the waters of Glenn's Creek on that date, but that the offense was committed within twelve months before Nov. 3, 1947, which was the date the indictment was returned. Criminal Code of Practice, sec. 129; Commonwealth v. Miller, 79 Ky. 451, 3 Ky. Law Rep. 231; Posey v. Commonwealth, 194 Ky. 483, 240 S. W. 91; Maxey v. Commonwealth, 255 Ky. 330, 74 S. W. 2d 336.

Being of the opinion that the circuit court erred in refusing to permit the Commonwealth to correct the name of the Company in the indictment and in sustaining the general demurrer thereto and in dismissing the indictment, the judgment is reversed with directions that the court permit the Commonwealth to correct the name of the appellee by writing in the indictment that it is a corporation of the State of Delaware, doing business in Woodford County, Kentucky, and that the general demurrer to the indictment be overruled.

This is certified as the law of the case.