Frank R. **DEL PIANO**

v.

**UNITED STATES of America.**

Civ. A. No. 37749.

United States District Court
E. D. Pennsylvania.

April 14, 1965.

Frank R. Del Piano, pro se.

Joseph Braig, Asst. U. S. Atty., Philadelphia, Pa., for the United States.

WOOD, District Judge.

The Petitioner, with counsel, pleaded guilty to the crime of bank robbery on December 16, 1963, and on January 27, 1964, was sentenced to a term of twenty-five years. At the present time, he is incarcerated in the United States Penitentiary, Atlanta, Georgia.

Mr. Del Piano has filed the instant motion under 28 U.S.C.A. § 2255 to vacate his sentence. His petition asserts the following grounds:

1. His plea of guilty was accepted by the Trial Judge without first determining that it was made voluntarily with an understanding of the nature of the charge.

2. The Trial Judge was without power to amend the indictment on the day sentence was imposed.

3. That the sentence, as a result of the guilty plea, is contrary to the Federal Rules of Criminal Procedure, and violates Due Process under the United States Constitution.

The United States has filed an elaborate, detailed Answer supported by affidavits and a motion to dismiss the petition.

■ In substance, the Petitioner claims that agents of the Federal Bureau of Investigation promised him that by pleading guilty, he would receive a ten-year federal sentence to run concurrently with an independent State charge for which he had already pleaded guilty. His petition is devoid of any specific facts or details concerning this alleged promise.

The Respondent has submitted affidavits by three agents of the Federal Bureau of Investigation specifically denying that any promises were made to the Petitioner.[1] Also, attached to the Government's Answer is a thermofax copy of an interview with the Petitioner as conducted by agents Klingler and Shanahan on October 11, 1963, at Broadmeadows Prison. (Exhibit B) During this interview it is reported that *Mr. Del Piano inquired* of the agents as to the possibility of his receiving a concurrent sentence if he entered a plea of guilty to the charge of robbery in the Federal Court. He was advised that his sentence would be "at the discretion of the Court." (Exhibit B)

On the day of his arraignment, Petitioner's counsel, the voluntary defender, requested a continuance to consult with his client. The Court delayed the arraignment for an hour and a half and instructed counsel that if he were not ready then, he could make an application for a continuance. (Arraignment n. t. p. 2) Thereafter, the parties returned to Court and no application for a continuance was made, and the Petitioner, in the presence of his counsel, pleaded guilty. (Arraignment n. t. p. 3)

Mr. Del Piano's primary attack on the validity of his guilty plea is that he was promised a ten-year concurrent sentence by Government agents. He does not identify the particular agent or agents who made this alleged promise nor does he detail the circumstances surrounding the event.

■ The particularized affidavits of each Government agent, along with the report of the Interview (Exhibit B) conducted at Broadmeadows Prison, clearly indicate that the Petitioner was trying to bargain for a lighter sentence, but was promptly advised that his sentence was "at the discretion of the Court." We find that no promises were made to the Petitioner by the Federal Bureau of Investigation. His guilty plea is not vitiated merely because he hoped for leniency. United States v. McClellan, 194 F.Supp. 128, 130 (W.D.Pa.1960) aff'd 289 F.2d 319 (3 Cir. 1961).

---

1. Two of the agents, Messrs. Hibbe and Shanahan, apparently are now located in Chicago, Illinois and Wayne County, Michigan, respectively, since their affidavits bear the above addresses. One agent, Mr. Klingler, is still attached to the Philadelphia Office.

Mr. Del Piano is no stranger to the courts. He is not a first-time offender. He has been a participant in thirteen court proceedings as an accused criminal. His record of convictions includes the following: sodomy, burglary, aggravated assault and battery, armed robbery and larceny. This convicted felon "had been around" and must have been aware of the serious consequences of his plea. Verdon v. United States, 296 F.2d 549, 553 (8 Cir. 1961) cert. denied 370 U.S. 945, 82 S.Ct. 1590, 8 L.Ed.2d 811 (1962).

While a specific inquiry and explanation by the Court prior to accepting Mr. Del Piano's plea would have obviated the present claim, we are convinced that neither the requisites of Rule 11 nor the constitutional rights of the Petitioner were violated. Verdon v. United States, 296 F.2d at p. 553. In accepting a plea of guilty no ritualistic ceremony is required. The totality of all the surrounding circumstances must be considered in determining the voluntariness of such a plea. Adkins v. United States, 298 F.2d 842 (8 Cir. 1962) cert. denied 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819 (1962). Also, failure of the Court to inquire as to the voluntary nature of a plea is immaterial when the Court determines that no promises or inducements had been offered. Long v. United States, 290 F.2d 606 (9 Cir. 1961).

The Petitioner's remaining complaint goes to the amendment of the indictment. Upon the motion of the United States and without objection by Petitioner or his counsel the words "Federal Savings and Loan Insurance Corporation" were substituted for the words "Federal Deposit Insurance Corporation". Such an amendment related to the form of the indictment and did not change the nature of the offense. It was clearly permissible since it did not affect a matter of substance. Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

We conclude that this case is unlike Machibroda v. United States, 368 U.S. 487, 496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) where the Petitioner set out *detailed factual* assertions of his claim. In Machibroda, at page 496, 82 S.Ct. at page 514, the Supreme Court held that case to be "not far from the line" designating the applications which a trial judge could deny without a hearing. We hold that Mr. Del Piano's application which asserts no supporting factual allegations is *well over the line* and we accordingly deny his motion. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The motion, answer and attached exhibits along with the records and files of this case conclusively show that the Petitioner is not entitled to relief under 28 U.S.C.A. § 2255.

ORDER

AND NOW, this 14 day of April, 1965, the motion of Frank R. Del Piano to vacate and set aside his sentence is denied without a hearing. The Government's motion to dismiss is moot.