**630**

John Gregory WATKINS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

May 2, 1978.

John B. Southard, Jr., Asst. Public Defender, Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The appellant, John Gregory Watkins, was convicted of robbery in the first degree and first-degree assault and was sentenced to 20 years on each charge.

On January 11, 1975, an attempted robbery occurred at Thoroughbred Liquor Store in Louisville, Kentucky. Walter Smith and Donald L. Goeing, Sr., were working in the store when at approximately 11:30 p. m., three or four black males entered the store. Smith testified that one of them walked up to the counter and asked for a pack of cigarettes. When Smith turned around, the man said, "This is a holdup." Goeing was refilling the soda machine at this time and when the assailant saw some movement in that direction, he stated, "I said, don't reach for anything," and fired two shots at Goeing. One shot hit Goeing in the arm and the other went through the right ventricle of his heart. Goeing was hospitalized for 12 days and recovered after a 3½-month convalescence.

The evidence against the appellant was based on identifications made by Smith and Goeing. Defense counsel submitted a written pretrial motion for a suppression hearing on the identification testimony. Before any evidence was heard, this motion was reasserted in court, out of the presence of the jury, and was denied. Prior to testimony and identification by Smith and Goeing, defense counsel objected to not being allowed an in-camera hearing, since it forced him to explore the circumstances of the identification testimony in the presence of the jury, but was overruled. The defense repeatedly moved for a mistrial on this point and again was denied. The appellant was then taken to the hospital in the custody of two police officers and was identified by Goeing from his hospital bed.

■ Appellant's first assignment of error is that the refusal of the trial court to conduct a suppression hearing to review the procedures by which the appellant was identified and the failure to suppress such identification testimony deprived him of a fair trial. This court stated in *Ray v. Commonwealth*, Ky., 550 S.W.2d 482, 483 (1977): "Although we are of the opinion that the holding of such a hearing prior to the introduction of this testimony would have been the preferred course to follow, we are not persuaded the failure to have done so requires reversal of appellant's conviction." We are persuaded that the identification evidence fails to raise any impermissible suggestiveness and the appellant was in no way prejudiced. We are further convinced that under the "totality of the circumstances" appellant received a fair trial.

■ Appellant's next assignment of error is that the court erroneously permitted the prosecutor to amend the indictment at the close of the evidence and thereby exposed the appellant to double jeopardy and denied him a fair trial. At the close of the proof for the Commonwealth, the prosecutor moved to amend the indictment to charge the appellant with the robbery of Walter Smith instead of Donald Goeing. As stated by the appellant in his brief, the question is whether the amendment of the indictment violated the constitutional protection against double jeopardy and denied Watkins a fair trial. We see no prejudice in merely changing the names of the victims. The appellant testified that he was not even present at the scene of the crime. How could he have been prejudiced? RCr 6.16 permits the court to amend the indictment prior to the verdict if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced. *See also Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ The appellant's next assignment of error is that the admission into evidence of statements containing references to other offenses deprived the appellant of a fair trial. This court is, however, of the opinion that the trial court did not err in permitting appellant's previous statements into evidence for purposes of impeachment. See discussion in *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969). In an oral statement made to the investigating officer on the night of the alleged offense, the appellant stated that he spent the entire night at his relatives' house. Subsequently he made a written statement saying that he was at a pool hall in the area of the Thoroughbred Liquor Store on the evening of the robbery attempt. The testimony relating to other offenses was activity unrelated to the appellant but was that of other individuals not on trial.

Appellant's final assignment of error is that the closing argument of the Commonwealth's Attorney deprived him of his right to a fair trial. We have studied the evidence relating to this argument and find it to be without merit and that the final argument of the Commonwealth's Attorney was within the bounds of propriety.

The judgment is affirmed.

All concur.