**William Dale VEACH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Aug. 22, 1978.

Rehearing Denied Nov. 21, 1978.

418

Jack E. Farley, Public Defender, Rodney McDaniel, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

This is an appeal from a judgment of the Whitley Circuit Court finding the appellant guilty of robbery in the first degree (KRS 515.020) and fixing his punishment at 20 years in the penitentiary.

Robert Byrd, his wife Fannie, and their two children, Bob, age 13 years, and Tim, age 10 years, resided at and operated the Dixie Drive-In Theater and concession stand in Williamsburg, Kentucky. On June 9, 1977, Robert was operating the concession stand and Fannie was selling tickets. The two children were in the office with her. Late in the night near closing time, at about 10:00 p. m., the appellant knocked on the office door. When Mrs. Byrd opened the door, she was faced by the appellant wearing a stocking mask and flourishing a handgun. He demanded her money, and after receiving it in a blue bank-deposit bag, he closed the door and left in the dark. Mrs. Byrd, by using the intercom system, notified her husband, who immediately gave chase and fired five shots at the appellant from his 38-caliber revolver. Shortly thereafter, he was joined by a neighbor, who was alerted by the pistol shots, and by Trooper Campbell of the Kentucky State Police. The search was continued in a tall weed field. Trooper Campbell overtook and captured the appellant lying down and hiding in some pressed-down honeysuckle vines. The appellant did not have a gun, the stolen money, or the stocking mask. A search, however, disclosed the mask about three feet from where the appellant was captured, and a further search revealed the presence of Tony Sullivan lying on his back, the money bag in his left hand, a nickel-plated 38-caliber Smith & Wesson revolver in his right hand, and wearing a stocking mask. The following morning Mr. Byrd made an additional search of the area where the appellant was captured, and there under the honeysuckle vines and leaves he found a high-ribbed 22-caliber revolver about ten inches long. It was identified as the weapon used in the robbery.

Mrs. Byrd described the robber as being about five feet seven inches tall, weighing about 170 pounds, having red hair, and wearing blue jeans, a blue flannel shirt, glasses and a stocking over his head for a mask. After the appellant's arrest, he was taken to the scene of the robbery, where Mrs. Byrd and her son Tim made a positive identification.

On this appeal the appellant presents five alleged errors. First, he argues that the trial judge erred in permitting the Commonwealth to amend the indictment. The case was called for trial, and before either the Commonwealth or the appellant had announced ready for trial, the Commonwealth's Attorney sought permission to amend the indictment by inserting the title "Mrs." immediately preceding the name "Robert Byrd" in the descriptive part.

The indictment then read "Mrs. Robert Byrd." Counsel for the appellant objected, but did not seek a continuance. No prejudice is claimed by this action of the court. As a matter of fact, counsel for appellant announced ready for trial after the indictment had been amended.

RCr 6.16 provides:

"The court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The amendment related to a matter of form and not of substance. Both this court and the United States' courts have approved the correction of the name appearing in the descriptive part of the indictment. *Watkins v. Commonwealth,* Ky., 565 S.W.2d 630 (1978); *Grigsby v. Commonwealth,* Ky., 299 Ky. 32, 184 S.W.2d 77 (1945); *Amburgy v. Commonwealth,* 300 Ky. 261, 188 S.W.2d 437 (1945); *Dye v. Sacks,* 279 F.2d 834 (6 Cir. 1960); *Del Piano v. United States of America,* 240 F.Supp. 687 (D.C.1965). The trial judge did not err in permitting the indictment to be so amended.

After the trial judge had instructed the jury on the law of the case and prior to counsel's summation, one of the jurors sought to have Mrs. Byrd answer the following questions:

"1. When the person who held the gun on you and took the money—spoke to you, was there any evidence of drunkenness that you could observe?

2. Was his speech slurred?

3. Did he appear to be unsteady on his feet?"

Over objection of counsel for appellant, the trial judge permitted Mrs. Byrd to be recalled. The Commonwealth's Attorney asked her the proffered questions. No interrogation was made by counsel for appellant. Without further ado, counsel for the Commonwealth and counsel for the appellant made their respective closing arguments to the jury. Thereupon, the jury retired to consider its verdict. After a rela-

tively short time, the jury returned into court and announced that it had found the appellant guilty of robbery and fixed his punishment at confinement in the penitentiary for a period of 20 years.

It is argued that KRS 29.304 is applicable to the present state of facts and prohibits the reopening of this case. KRS 29.304 provides:

"Manner of giving information on law or evidence after submission.—After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their counsel."

■ This statute applies to the reopening of a case "After the jury have retired for deliberation, * * *." In the case at bar the jury had not retired to consider its verdict prior to the recalling of Mrs. Byrd to testify; consequently, the statute is not applicable. The trial court has a wide discretion in the conduct of a trial, and the action of the court, unless clearly erroneous, will not be disturbed by this court. *Shaw v. Commonwealth,* Ky., 497 S.W.2d 706 (1973). The appellant, in any event, was not prejudiced in his plea of drunkenness by the testimony thus given by Mrs. Byrd. In fact, he was supported by her testimony in that she stated his speech was a little slurred. Appellant's counsel suggests that rather than reopening the case so that Mrs. Byrd could testify, the court should have instructed the jury that it was to consider only the testimony that had been presented. Suffice it is to say that such an instruction was not sought by counsel for appellant, and the court was under no obligation to so instruct the jury.

■ The appellant next argues that at the conclusion of the Commonwealth's case his motion for a directed verdict of acquittal was erroneously denied. Appellant thereupon introduced his evidence and the

Commonwealth concluded with its rebuttal testimony. Trial counsel for appellant did not, either at the conclusion of the introduction of his evidence or at the conclusion of the evidence given when the case was reopened, request a directed verdict of acquittal. Not having requested such action, he waived any right he may have had to a dismissal. *Scruggs v. Commonwealth,* Ky., 566 S.W.2d 405 (1978). The evidence, as delineated by the transcript of testimony, is so clear and convincing that the appellant is guilty of robbery that to entertain a doubt is pure folly. In *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530 (1977), we said:

> "If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal. * * * "

Even if the appellant had not waived his right to a directed verdict of acquittal, he would not have been entitled to a dismissal.

Next, counsel for the appellant charges that the prosecutor deliberately injected false issues in the case. The appellant directs our attention to two lines of cross-examination that he argues are improper and prejudicial. The transcript of testimony discloses that no objection was made by the appellant to this interrogation; therefore, the error, if any there was, is waived. *McDonald v. Commonwealth,* Ky., 554 S.W.2d 84 (1977).

Lastly, the appellant argues that exhibits 1 through 4 were erroneously introduced into evidence. Exhibit 1 is a nickel-plated 38-caliber Smith & Wesson revolver. Exhibit 2 is the stocking mask which was worn by Sullivan at the time of his arrest. Exhibit 3 is a 22-caliber high-ribbed breakdown pistol, about ten inches long, and was identified as the weapon used by the appellant in the robbery. This exhibit was found on the morning following the robbery between 5:30 and 6:00 a. m. Exhibit 4 is the stocking mask found about three feet from the appellant at the time he was arrested.

The appellant argues that there was no evidence to connect him with exhibits 1 and 2. Not so. The appellant and Tony Sullivan were both masked, fleeing from the scene of the robbery, chased by an officer of the law, apprehended together, and the money which had been stolen was found in the possession of appellant's colleague, no farther than eight feet from where the appellant was apprehended. As to exhibit 3, it is argued that the gun was not identified as the one used in the robbery. Both Mrs. Byrd and her son Tim identified the weapon. What more is necessary? The appellant says that exhibit 4 is not admissible because there was no proof that this was the stocking worn by the robber. This is true; nevertheless, the stocking was found about three feet from the appellant when caught and a similar stocking mask was worn by the robber at the time of the robbery. We deem this sufficient association for the jury to conclude that this stocking mask was the one worn by the appellant at the time of the robbery. These exhibits, when considered together, one with the other, were indeed competent.

The judgment is affirmed.

All concur, except JONES and CLAYTON, JJ., who did not sit.