RENDERED:  JANUARY 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0181-MR

JOHN MILLER                                                    APPELLANT

v.
APPEAL FROM HART CIRCUIT COURT
HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 09-CR-00012

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND EASTON, JUDGES.

EASTON, JUDGE:  The Appellant ("Miller") asks for review of the denial of his

CR[1] 60.02 motion.  The Hart Circuit Court did not abuse its discretion in denying

the motion and is affirmed.

---

[1] Kentucky Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

Miller was convicted of raping[2] two underage girls who were believed to be his stepdaughters. Although charged with over 700 counts, only six were submitted to the jury. After a guilty verdict, the circuit court sentenced Miller to serve 70 years. On direct appeal, the Kentucky Supreme Court recognized that the incest charges against Miller should have been Class C felonies rather than Class B felonies. *Miller v. Commonwealth*, 391 S.W.3d 857 (Ky. 2013). The sentence was subsequently reduced from 70 years to 50 years.

Next Miller filed an RCr[3] 11.42 motion. The ultimately successful argument on this motion was the failure of Miller's counsel to discover that Miller and the mother of the two girls were not validly married. The mother was not divorced from a previous husband. As a result of Miller's bigamous marriage, incest as defined arguably could not have occurred. By agreement, Miller's sentence was further reduced from 50 years to 20 years by an Agreed Order entered in 2016.

Filed over six years later, Miller's CR 60.02 motion revives an argument also made in the RCr 11.42 motion. This concerns the identity of the

---

[2] Third-Degree Rape and Third Degree-Sodomy of one girl, and Second-Degree Rape of the other girl.

[3] Kentucky Rules of Criminal Procedure.

children in the Indictment. The Indictment identified only one victim by initials. Subsequent investigation revealed evidence about Miller's abuse of the other child. Evidence about both children was presented at trial. The Indictment was not amended until during the trial. The amendment changed the name of the victim with a substitution of a single first initial for some of the counts submitted to the jury.

Although Miller's counsel objected to the amendment, this objection was effectively abandoned when the Commonwealth indicated it would simply indict Miller again for another list of charges involving the other child and have another trial. Miller's counsel recognized this reality and bargained for the right to argue to the jury about the lack of charges relating to that child in the original Indictment, not to mention counsel having achieved a reduction in the number of charges to only a total of six charges submitted to the jury. Miller was present, could hear all this, and voiced no objection.

The circuit court denied the CR 60.02 motion because the grounds asserted in it could have been or were addressed in prior postconviction proceedings. This appeal follows.

STANDARD OF REVIEW

We review denial of a CR 60.02 motion for an abuse of discretion.

*White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

The process for review of a final criminal conviction is for a direct appeal, followed by RCr 11.42 review, and finally CR 60.02. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). A defendant is not permitted to repeat the parts of this process. If an argument made in a CR 60.02 motion was or could have been made in a prior attack on the judgment, it is barred. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

Miller was aware of and could have raised the question about the process of the amendment on his direct appeal. As Item 6 in his RCr 11.42 motion, Miller complained about being tried for charges not returned by a grand jury. This would include any complaint about the change of name of the victim in the Indictment during the trial. Significantly, Miller negotiated a reduced sentence by the Agreed Order which resolved "the entirety" of the RCr 11.42 motion.

Regardless of how Miller now characterizes his argument in the CR 60.02 motion, the argument was or could have been made in his direct appeal or RCr 11.42 motion. As a result, it is barred. We need not further comment at

length on the lack of timeliness of the CR 60.02 motion. Such a motion must be filed within a reasonable time. Waiting over six years after the resolution of the RCr 11.42 motion is not reasonable.

There is also no merit to any contention that Miller's rights were violated by the change in the name of the victims. *See Watkins v. Commonwealth*, 565 S.W.2d 630 (Ky. 1978). If a revisit of ineffective assistance of counsel was what Miller desired, that also fails. Miller's attorney made a valid tactical decision to proceed with the trial rather than face another multitude of charges in a subsequent indictment. It would be impossible for Miller to show any prejudice to his case by the way in which the charges were amended given the evidence of record.

## CONCLUSION

The Order of the Hart Circuit Court denying Miller's CR 60.02 motion is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

John Miller, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jeffrey A. Cross
Assistant Solicitor General
Frankfort, Kentucky