## Logan v. Commonwealth.

October 15, 1948.

260

Alfred M. Carroll and James A. Crumlin for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, William Henry Logan, a Negro sixteen years of age, has been convicted of the crime of rape and his punishment fixed at confinement in the penitentiary for a period of 20 years. The crime was committed about midnight on May 16, 1947. Ruby McClure, a white girl nineteen years of age, who was employed as a waitress in a restaurant, occupied a room in the home of Mr. and Mrs. Charles Waldrip at 317 Maple Street in Owensboro. The Waldrips had been absent for several days on a visit when the crime was committed. Miss McClure had been ill for two or three days, and had been confined to her bed most of the time. She was in bed in the front room of the house when she heard someone in the adjoining room. She asked who was there, and the intruder ordered her to turn out the light or he would kill her. She complied with his order, and he entered the room and ravished her. He apparently retired to the rear of the house, and Miss McClure left by the front door, went to the home of a neighbor and telephoned to the police station. Four officers in a police car received a radio call that an intruder was in the house at 317 Maple Street, and they arrived at the scene within five minutes after the message was received. They were told by Miss McClure that the man was in the house with a gun. Two of them with a flashlight entered through the front door and saw a man leave by the rear door, run through an open lot, then down an alley toward Douglas Park. They followed and overtook and arrested him just as he emerged from the park. The two officers in the police car, anticipating that the man would cross the park, drove around the park to Fifth Street and arrived about the time the arrest was made. Although the man was out of the view of the officers for short intervals, the evidence is convincing that appellant, the man arrested, was the person who had run from the house at 317 Maple Street. Appellant was taken imme-

diately before Miss McClure, but she was unable to identify him as her assailant since the assault took place in the dark. She was taken to a hospital by the officers, and was examined by a physician who found that sexual intercourse had taken place shortly before the examination.

It is argued that the evidence, exclusive of the appellant's confession, hereinafter discussed, was not sufficient to connect appellant with the crime, but we find the evidence amply sufficient in this respect. It is further insisted that the judgment should be set aside because (1) The court erred in overruling the motion to quash the indictment; (2) the confession was inadmissible because it was not made voluntarily; and (3) the court erred in failing to give all the law of the case in its instructions.

The indictment was returned May 22, 1947, and after several continuances the case was called for trial on September 7, 1947, when the following motion, signed by appellant's counsel, was filed:

"Comes the defendant William Henry Logan, by counsel, and moves the court to set aside the indictment herein, on the grounds that a substantial error was made in the summoning and formation of the grand jury in that qualified Negro citizens are systematically excluded from service thereon, solely because of their race and color."

The motion was overruled. No affidavit was filed and no proof in support of the motion was offered. A defendant who objects to a grand or petit jury because of an alleged discrimination against members of his race in the selection thereof must offer proof of such discrimination. In Montjoy v. Commonwealth, 262 Ky. 426, 90 S. W. 2d 362, 364, the defendant moved to quash the indictment on the ground that members of the colored race had been excluded because of their race from the grand jury which returned the indictment and from the jury placed in the box to try his case. The motion was overruled, and on appeal this court, after pointing out that no proof was offered in support of the motion, said:

"Under these circumstances, this court is in no position to say that the trial court committed error, but, on

the other hand, can well say that in the absence of the essential proof the court did not commit error in these respects. Some of the cases which counsel for appellant cite demonstrate the necessity of bringing to the attention of the trial court facts in some form, so as to permit an intelligent ruling."

The defendant appealed to the Supreme Court of the United States, and the appeal was dismissed. Montjoy v. Commonwealth, 298 U. S. 646, 56 S. Ct. 961, 80 L. Ed. 1376. In Smith v. Mississippi, 162 U. S. 592, 16 S. Ct. 900, 904, 40 L. Ed. 1082, one of the early Supreme Court cases on the subject, the court said:

"The grounds assigned for quashing the indictment should have been sustained by distinct evidence introduced, or offered to be introduced, by the accused. He could not, of right, insist that the facts stated in the motion to quash should be taken as true simply because his motion was verified by his affidavit."

This rule has never been departed from by the Supreme Court. Tarrance v. Florida, 188 U. S. 519, 23 S. Ct. 402, 47 L. Ed. 572; Martin v. Texas, 200 U. S. 316, 26 S. Ct. 338, 50 L. Ed. 497; Norris v. Alabama, 294 U. S. 587, 55 S. Ct. 579, 79 L. Ed. 1074.

The four police officers, the county attorney, and the chief of police testified that appellant voluntarily confessed the crime and signed a written statement without any coercion, threats or plying of questions. Appellant repudiated the confession, and testified that he was brutally beaten about the head and face before he signed the statement purporting to be a confession. Several witnesses, including appellant's mother who was present a few minutes before the confession was signed, stated that they saw no marks or bruises on appellant's face as claimed by him or other indication that he had been mistreated. This evidence was first heard by the court "independent of and without the hearing of the jury" as provided by KRS 422.110, commonly known as the Anti Sweating Act. The trial judge found that there had been no violation of the Anti Sweating Act, and that the confession was admissible. His ruling on the admissibility of the confession is fully supported by the evidence.

It is finally insisted that the court erred in failing to instruct the jury on the question of the admissibility of the confession. Prior to the 1942 amendment to the Anti Sweating Act it was the function of the jury to determine the admissibility of a confession claimed by the accused to have been obtained by a violation of the Act, but the amendment vested that function in the trial judge. Bass v. Commonwealth, 296 Ky. 426, 177 S. W. 2d 386; Herd v. Commonwealth, 294 Ky. 154, 171 S. W. 2d 32; Commonwealth v. Mayhew, 297 Ky. 172, 178 S. W. 2d 928.

A careful examination of the record convinces us that appellant had a fair and impartial trial, and that no error prejudicial to his rights was committed.

The judgment is affirmed.