**Everett Alphonsa FORD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

Ralph H. Richards, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Everett Alphonsa Ford was convicted of rape, and sentenced to life imprisonment without privilege of parole. KRS 435.090. On this appeal, he contends the court erred (1) in permitting the prosecuting witness to testify that she was a virgin, and (2) in admitting an alleged confession of Ford under a finding that the confession had not been obtained by "sweating" in violation of KRS 422.110.

The prosecuting witness, a white woman, testified that she was raped by Ford and two other Negroes, who seized her near her automobile, which was parked on a city street near her place of employment, forced her into the automobile and drove it to a secluded spot. In the alleged confession, Ford admitted he had intercourse with the woman, but claimed it was with her consent. In his testimony on the trial, he stated that he saw one of his companions with the woman in the automobile, parked outside of a tavern, and talked with them, but never entered the automobile and did not have intercourse with the woman.

The prosecuting witness was the second witness for the Commonwealth, following a policeman who identified several photographs of the street where the automobile originally was parked. After asking her name and address, and whether she was married, the Commonwealth's attorney asked the witness whether she was a virgin before the incident in question. Over objection of the defendant she was permitted to answer the question, in the affirmative.

It is contended that it was prejudicial error to admit this testimony, under the rule that evidence that the victim of the rape was chaste or of good moral character is not admissible unless the defendant in his evidence has attacked the character or morals of the victim or has relied upon con-

sent as a defense. See Robertson's New Kentucky Criminal Law and Procedure, sec. 574, p. 784; Wharton's Criminal Law, Vol. 1, sec. 732, p. 992.

 While recognizing that evidence designed to bolster or fortify the presumption of the chastity of an unmarried prosecutrix should not be admitted in the initial presentation of the Commonwealth's case, we believe that merely asking the prosecutrix whether she was a virgin, as was done here, is not objectionable. As we understand it, there is no rule requiring that the chastity of the prosecutrix be kept a secret from the jury; in fact there is an initial presumption of her chastity. Wharton's Criminal Law, Vol. 1, sec. 732, p. 992. What we think is intended to be forbidden is the *emphasizing* of the fact of chastity by *elaborating* the point in the prosecutrix' testimony or by introducing other witnesses to show her good character.

Here, we think there is no basis for attaching much more significance to the question as to whether the prosecutrix was a virgin, than to the preceding question as to whether she was married. The sequence and form of the questions were such as merely to elicit a simple identification of the status of the prosecutrix.

There is no reason to believe that the question and answer had any inflammatory effect upon the jury, because the jury did not impose the maximum punishment of death.

As concerns the admissibility of the purported confession of the defendant, the evidence heard by the judge in chambers indicated that the rape occurred around 7 p. m., the defendant and his companion were apprehended around 10:30 p. m., and after some preliminary questioning were put in the "line-up" from 12 midnight to 1 a. m., at which time they were identified by the prosecutrix; thereafter there was some further questioning and the confession was made, written up and signed some time between 2 a. m. and 3 a. m. The defendant testified that one of the policemen struck him with a belt, that one of his companions was kicked and he was threatened with the same treatment. The policemen testified that no physical violence or other coercion was employed, and that the confession was freely given.

While the kind of late-hour questioning that was done here has some objectionable features, and ordinarily will be looked upon with disfavor, we think the fact that the defendant was not apprehended until late at night may be given some consideration, and under this circumstance there was some justification for promptly questioning the defendant in order to obtain his statement before he had an opportunity to fabricate a plausible false story.

 The trial judge heard the evidence of the defendant and the policemen, and concluded that there had been no coercion or "sweating". It has been our established policy to uphold such findings unless clearly erroneous. See Bass v. Commonwealth, 296 Ky. 426, 177 S.W.2d 386; Tarrence v. Commonwealth, Ky., 265 S.W.2d 52.

The judgment is affirmed.