**Robert Leo SHECKLES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1956.

Rehearing Denied May 11, 1956.

Ben F. Shobe, Foster S. Stone, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

**MONTGOMERY, Judge.**

Robert Leo Sheckles, Everett Alphonsa Ford, and Clarence Anthony White were indicted for rape. Each was convicted on separate trials. Sheckles received a death sentence, from which he appeals. Ford and White each received life sentences.

The Ford sentence has been affirmed; Ford v. Commonwealth, Ky., 1956, 286 S.W.2d 518. White did not appeal.

The appellant urges that the trial court erred: (1) in admitting his alleged confession under a finding that the confession had not been obtained in violation of KRS 422.110; (2) in permitting the introduction of certain pictures into the evidence; and (3) in sustaining an objection to a part of defense counsel's argument.

A determination of the questions raised does not require that the evidence be recounted in detail. The prosecuting witness was a white woman. Her testimony was sufficient to establish that appellant was guilty of the first in the series of three offenses committed by the three men. Appellant stated that he had been with the prosecuting witness on two previous occasions, which she denied. He denied having sexual relations with the witness on the occasion charged in the indictment. On this appeal, the appellant does not question the sufficiency of the proof to sustain the conviction.

Evidence was heard by the trial court in chambers to determine whether a written statement made by appellant was obtained by "sweating" within the meaning of KRS 422.110. The proof heard in chambers indicated that the rape took place shortly after 7 p. m.; that appellant and his two companions were arrested between 10 p. m. and 11 p. m.; and that appellant and one companion were at the hospital and in the "holdover" from around 11 p. m. until they appeared in the police "line-up" at 1:05 a. m. A statement was taken from Ford about 3 a. m. This statement was then shown to appellant by two police officers who had taken him from the "holdover". Appellant admitted Ford's statement was true. The officers then showed the statement to White, who likewise admitted it. Appellant's alleged confession was taken about 4:30 a. m., after he had admitted the truth of Ford's statement.

At the hearing in chambers, appellant stated that one Lieutenant Schem struck him in the stomach with his fist; that he

was struck by one other officer; and that the striking took place in the presence of other officers. When asked the approximate time the beating took place, appellant answered, "I have no idea." Appellant also claimed to have been slapped while returning from the hospital in a police car. Schem denied striking appellant or being on the first floor of the city hall where appellant claimed the striking took place. Officer Nall was pointed out by appellant as being present when Schem allegedly struck him, but Nall denied that appellant was struck by Schem or any one. One other police officer testified to the events at the city hall leading up to appellant's confession, and denied that appellant was struck by any one. No other witness testified, or was produced to testify, in behalf of appellant to corroborate his statement about the beating. The evidence also showed that appellant was advised of his constitutional rights prior to his confession and that he gave his statement freely and voluntarily.

After hearing this evidence out of the jury's presence, the trial court permitted the statement to be admitted. The decision of the trial judge on the admissibility of a confession under KRS 422.110 will not be disturbed unless the evidence is insufficient to support his finding. The evidence heard by the court amply sustains his conclusion. Logan v. Commonwealth, 308 Ky. 259, 214 S.W.2d 279; Tarrence v. Commonwealth, Ky., 265 S.W.2d 52; Ford v. Commonwealth, Ky., 1956, 286 S.W.2d 518.

 Objection was made to the introduction of a series of pictures showing sections of streets and the general locality where the alleged offense was committed. The witness testifying had been present when the pictures were taken by the official police photographer. The basis of the objection was that the witness testifying was not the photographer who took the pictures. The pictures were a visual presentation of what was otherwise testified about and fairly represented what they purported to show. There was no dispute as to the place of the alleged crime or the locale involved. The pictures were not prejudicial, and we find no merit in the objection to their introduction.

During the argument to the jury, the defense counsel stated that the confession had been "beat out" of the appellant. The court sustained an objection made by the counsel for the Commonwealth to this argument and refused to permit the defense counsel to argue further on this point. The trial court had properly heard evidence out of the hearing of the jury on the admissibility of the statement of appellant. None of the evidence introduced at the hearing in chambers was heard by the jury. The attempted argument of defense counsel was not based on any evidence heard by the jury and was therefore improper. The case cited by appellant is not in point. The objection was properly sustained.

We have made a careful examination of the record and are convinced that appellant received a fair and impartial trial, free from any prejudicial error.

Judgment affirmed.