**Thomas Ray SHAW, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky,

May 4, 1973.

W. Earl Dean, Jr., Dean, Dean & Dean, Harrodsburg, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

Appellant was convicted in Lincoln Circuit Court of Illegal Possession of a Dangerous Drug, to-wit: Cannabis or Marijuana. He takes a shotgun approach upon this appeal by alleging eight (8) separate grounds for reversal. They are as follows:

1. The trial judge committed reversible error in not granting appellant-defendant's motion to suppress and exclude certain incriminating evidence and statements made by accused, and to dismiss the indictment for insufficient evidence, at the pre-trial conference.

2. The trial judge committed reversible error at the trial at the close of all of Commonwealth's case.

3. The trial judge committed prejudicial error in impaneling a jury.

4. The trial judge committed prejudicial abuse of discretion in failing to set aside the swearing of the jury and declaring a mistrial on defendant's motion therefor when, after admonishing . . . Trooper Keith testified that accused told him that the marijuana was owned by him.

5. The trial judge committed prejudicial abuse of discretion in failing to set aside the swearing of the jury and declaring a mistrial on defendant's motion therefor when the Commonwealth Attorney asked the witness, Deputy Sheriff Ed Manuel, if he was acquainted with defendant's "reputation for being a suspected arsonist".

6. The trial judge prejudicially erred and abused his discretion in permitting the Commonwealth after it had announced closed to reopen its case to introduce a certain "sign" to defendant's prejudice.

7. The trial judge prejudicially erred in failing to instruct on the whole law of the case, namely the lesser offense of possession for own use in Instruction No. 2.

8. The trial judge prejudicially erred and abused his discretion in not granting defendant's motions and grounds for new trial and in the alternative to set aside the verdict and to direct a verdict for defendant notwithstanding the verdict because of the pyramiding of errors occurring throughout the trial of this case including misconduct of Commonwealth Attorney in his closing argument.

We deal with these contentions in their respective order and only relate the facts as they are pertinent to each contention.

■ 1. The drugs were found upon the premises of appellant as a result of a search conducted by the arresting officers without a search warrant. The officers contend the search was voluntarily submitted to by appellant. He contends otherwise. A lengthy hearing was held in chambers by the trial court to resolve this issue. See Pendland v. Commonwealth, Ky., 463 S.W.2d 130. The court determined that the search was voluntarily consented to. We have examined the record and find there was substantial evidence to support the trial court on this issue. No request was made to submit the question to the jury nor was the trial court requested to give an admonition upon the issue. We find no error in the admission of the evidence obtained as a result of the search.

2. The second contention hinges upon appellant's contention that the search was illegal and is disposed of under ground No. 1.

■ 3. Appellant's third contention that the jury panel was made up of persons in an older age group than appellant is not supported by the record. Appellant offered no proof that discrimination occurred by the systematic exclusion of young people from the panel. In order to sustain his position here the burden is upon him to show that potential jurors were systematically excluded because of their age. This he has totally failed to do. See Logan v. Commonwealth, 308 Ky. 259, 214 S. W.2d 279.

■ 4. Appellant's fourth contention hinges upon the fact that the officers held some discussions with him prior to giving the Miranda warning. At a hearing, out of the presence of the jury, the trial court ruled that the officers could not testify regarding any matters that were related to them prior to the giving of the warning. Appellant now contends that this was violated in that one of the officers was permitted to state that appellant admitted ownership of some bags of marijuana prior to the time the Miranda warning was given. Taking appellant's contention as true it is impossible to see how he was in any way prejudiced by this testimony. Upon the trial he admitted ownership of the drug and in statements made after the Miranda warning was administered he also admitted ownership. This fact was never an issue, therefore the officer's testimony could in no conceivable way have prejudiced appellant's right to a fair trial.

■ 5. The fifth contention hinges upon the testimony of certain witnesses concerning appellant's good character. Ray Wilson was called to testify on behalf of appellant. The substance of his testimony was that appellant's reputation for good conduct, peace and quietude was good in the community. On cross-examination the Commonwealth Attorney asked the witness if he was familiar with appellant's reputation as it related to being a suspect in an arson case. Wilson stated that he was not acquainted with these facts and the matter was dropped.

■ Later, Deputy Sheriff Manuel was called by the Commonwealth. He was asked on direct whether appellant had the reputation of being a suspected arsonist in the community. This question was objected to and the court sustained the objection. Upon cross-examination the appellant himself went into the arson charge. He now contends that this constituted reversible error. We are of the opinion it did not. Where a witness testifies that an accused's reputation is good in the community he may be cross-examined concerning his knowledge of specific conduct that would affect that reputation. Fugate v. Commonwealth, 211 Ky. 700, 277 S.W. 1029; Taylor v. Commonwealth, 269 Ky. 656, 108 S.W.2d 645; Broyles v. Commonwealth, Ky., 267 S.W.2d 73.

■ We are of the opinion that the Commonwealth was justified in making inquiry about facts that would affect the testimony of the witness, Wilson. Their attempt to rebut Wilson's testimony with Manuel was stopped by the court and therefore in no way prejudiced the appellant. Manuel's testimony which may have been prejudicial was elicited by appellant upon cross-examination. While evidence of good or bad character is restricted to general reputation and normally should not be permitted to go into particulars, one who testifies to good character generally upon cross-examination may be questioned concerning particular and specific charges or rumors against an accused of facts or acts which are inconsistent with the trait of character about which the witness has testified. However, in permitting this testimony a trial court should be particular and make sure that the State's questions have some basis or foundation in fact and are not mere fabrications that will mislead or misguide the jury. For a full discussion of

this matter see Annot., 47 A.L.R.2d 1258. An examination of the record satisfies us that the foregoing rules were in no way breached by the trial court in this instance.

■ 6. Appellant's sixth contention of error centers around the fact that the trial court permitted the Commonwealth to reopen its case after it was closed and introduced a "sign" into evidence. Trial courts are given a wide discretion in the matter of permitting a party to reopen in order to introduce new evidence. We find no abuse of that discretion here and moreover we fail to see how the sign was in any way prejudicial.

■ 7. Appellant's seventh contention is that the instructions of the court were improper because the court did not add the words "for his own use" in the second instruction which defined the offense of possession, not "for the purpose of sale". We do not believe these words would have made any material difference in the instructions. Furthermore, we do not see how the jury was in any way misled or confused by their absence. We believe the instructions were proper.

8. Appellant's eighth contention is that he did not receive a fair trial because of the pyramiding of errors and misconduct of the Commonwealth Attorney in the closing argument. A simple answer to this is we have found no errors pyramided or otherwise and the closing arguments were not reported, therefore, do not appear in this record.

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.