963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Everett Alphonsa FORD, Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 92-5104.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Everett Alphonsa Ford, a pro se Kentucky state prisoner, moves for counsel on appeal from the district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 26, 1955, a Jefferson County, Kentucky, jury convicted Ford of rape. He was sentenced to life imprisonment without privilege of parole. His conviction was affirmed on appeal on January 27, 1956. See Ford v. Commonwealth, 286 S.W.2d 518 (Ky.1956).
 
 
 4
 After exhausting state court remedies, Ford filed the instant petition for habeas corpus relief in the District Court for the Western District of Kentucky. He maintained that the judgment was invalid and in violation of the Fourth and Fourteenth Amendments because of an alleged failure of the trial court to sign the final judgment. The district court denied the petition after concluding that Ford's petition raised questions of Kentucky law, not federal constitutional law as required under 28 U.S.C. § 2254.
 
 
 5
 Upon review, we affirm the district court's judgment. A writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. See Williams v. Withrow, 944 F.2d 284, 288 (6th Cir.1991), petition for cert. filed (Dec. 12, 1991); Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The issue Ford raises involves the interpretation of state law pertaining to the signing of judgments. A question of purely state law rarely serves as a basis for habeas corpus relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Whether the absence of a signature from a judgment invalidates a state conviction is exclusively a matter for state courts and does not involve a federal constitutional question.
 
 
 6
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation